UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE JUAN HERNANDEZ** | : | **DOCKET NO. 16-cv-441** |
| **B.O.P #38507-177** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for writ of habeas corpus filed pursuant to 28 U.S.C § 2241 by *pro se* petitioner Jose Juan Hernandez ("Hernandez"). Hernandez is in the custody of the Federal Brueau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

On initial review of the instant petition, this court ordered Hernandez to submit proof that he had exhausted available BOP administrative remedies. Doc. 5. Hernandez responded with a motion to extend his time for providing such proof and hold his case in abeyance, admitting that he did not begin pursuing administrative remedies until after the instant petition had been filed and he received this court's order to provide proof of administrative exhaustion. Doc. 6. He also fails to allege futility or inappropriateness of the available administrative remedies, which might otherwise excuse his failure to exhaust. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

As we note in an accompanying memorandum order, administrative exhaustion must be completed before a prisoner seeks relief under § 2241. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). A petition filed under § 2241 may be dismissed by the court *sua sponte* for failure to exhaust administrative remedies. Doc. 5, n. 1. There is no basis for abeyance or extension where the petitioner failed to even initiate his administrative remedies prior to filing his § 2241 petition and provides no basis for an exception. Instead, the instant petition should be dismissed without prejudice so that the petitioner may refile once he has fulfilled his exhaustion requirement.

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 15 August 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE